# Stewart *v.* Mark, Appellant.

*Contract—Consideration—Promissory notes—Renewal of note—Waiver —Delay in completion.*

1. Where a contractor agrees to complete his work by a day specified for which he is to receive two promissory notes, one payable at three months, and the other on completion of the work, and he accepts at the end of the three months a renewal of the first note, he cannot allege as a defense in a suit against himself for failure to complete the work at the time specified the failure of the plaintiff to pay the first note, inasmuch as his acquiecsence in the renewal was a waiver of plaintiff's original default.

2. Where a subcontractor enters into a contract with a city contractor to do all the work in grading a street by a time specified, and the contract provides that should the subcontractor require an extension of time, the city contractor would "use his best endeavor to have an extension of time granted," the court will construe the stipulation with respect to an extension of time simply as a provision against unexpected contingencies which sometimes occur in work on the streets, and will not enforce it where it appears that the subcontractor made no effort to complete the work within the time limit; that he employed a wholly inadequate force, and that his dilatoriness continued, notwithstanding repeated complaints made to him, until the contractor was compelled to discharge him and complete the work himself.

3. In such a case the subcontractor cannot set up as an excuse for his own delay that the contractor when he took over the work was himself guilty of great delay in completing it.

Argued Jan. 11, 1911. Appeal, No. 218, Jan. T., 1910, by defendant, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1907, No. 4,390, on verdict for plaintiff in case of James F. Stewart v. Frank Mark. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit for breach of contract. Before WILLSON, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $4,751.51. Defendant appealed.

*Errors assigned* were (1, 2) answers to defendant's points, quoted in the opinion of the Supreme Court; (3) refusal of binding instructions for defendant, and (4) in discharging defendant's motion for judgment non obstante veredicto.

*H. M. McCaughey*, for appellant.—The plaintiff having elected the responsibility of rescinding the contract, before he can successfully hold the defendant for any damages alleged to have been caused by delay in the performance thereof, must himself be in no default and is obliged to show compliance, or an offer to comply, with his obligations under the contract; further, the plaintiff having dispensed with and prevented performance of the contract cannot take advantage of the alleged nonperformance by the defendant: Hartje v. Collins, 46 Pa. 268; Dunshee v. Ins. Co., 25 Pa. Superior Ct. 559; Hartman v. Meighan, 171 Pa. 46; Boyd v. McCullough, 137 Pa. 7; Irvin v. Bleakley, 67 Pa. 24; Norrington v. Wright, 115 U. S. 188; Bettini v. Gye, L. R. 1 Q. B. D. 183; Munsey v. Butterfield, 133 Mass. 492.

The contract being free from ambiguity, the trial judge should have assumed the responsibility of construing the provisions thereof, and should have directed the verdict for the defendant upon plaintiff's admission that he neglected and refused to exercise any endeavor to secure an extension: Nellis v. Coleman, 98 Pa. 465; Trexler v. Reynolds, 43 Pa. Superior Ct. 168.

*Joseph Hill Brinton*, with him *J. Lawrence Wetherill*, for appellee.

OPINION BY MR. JUSTICE STEWART, March 20, 1911:

By written contract under date of April 26, 1905, the

plaintiff undertook to grade Wyoming avenue from Wayne
street to Greene street, in the city of Philadelphia, for the
sum of $5,800, and to complete the same within twelve
months from the date of notice to begin the work.   Notice
to proceed was given on May 9 following, and thereupon
the plaintiff began the work of grading.   Less than one-
fourth the entire work had been completed when, on De-
cember 8th following, the plaintiff, by written agreement,
sublet the contract to the defendant, who agreed to com-
plete the work by May 30 following, for the consideration
of $700, for which he was to receive two promissory notes
of the plaintiff, each for the sum of $350, one payable at
three months and the other on completion of the work.
In addition, defendant was to have for his own all the
stone and sand taken out in the course of the work.   The
contract stipulated that should the defendant require an
extension of time for the completion of the grading, the
plaintiff was to use his best endeavors to have an exten-
sion of time allowed.   The work was not completed within
the stipulated time, and on July 20, 1906, plaintiff served
written notice on the defendant to remove from the job
because of failure to perform his contract obligations.
Plaintiff then proceeded to complete the work, which was
not accomplished for more than a year after the time fixed
by the contract.   The action was brought to recover from
the defendant the amount that plaintiff was required to
expend in completing the work, less the credit of $700
which defendant should have received under his contract,
and a further credit of $2,400, the value of the stone re-
moved by the plaintiff in the course of the work done by
himself.   This statement of the facts is sufficiently full for
an understanding of the assignments of error.   The first
of these is the refusal by the court to affirm the following
point: "That where performance by one party depends on
something to be done by the other party, an action will
not lie for nonperformance if default has been made in the
precedent act.   Hence, it appearing that the plaintiff
herein neglected or refused to make payment of the cer-

tain notes mentioned and described in the written agreement relating to the grading work, or the renewal thereof, no recovery should be allowed and the verdict must be for the defendant." Affirmance of this point was impossible. The note payable in three months while not paid at maturity, was renewed, to the entire acceptance of the defendant. It does not appear that defendant was delayed in his work or prejudiced in any way by plaintiff's failure to pay; but whether he was or not, his acquiescence in the renewal was a waiver of plaintiff's original default. The second note was payable only upon completion of the work by the defendant, and therefore never matured. The first assignment is overruled. The next is that the court erred in its answer to defendant's second point, which was "That where covenants are mutually dependent the plaintiff must show full performance on his part before he can hold a defendant to observe his covenants." The answer to this was: "The defendant's second point is true as an abstract general proposition, but, in my judgment, it has no application in this case." The contract between plaintiff and defendant provided that the work should be fully completed by May 30, 1906, but this provision followed: "should the said Frank Mark require an extension of time, the said James F. Stewart agrees to use his best endeavors to have an extension of time granted." The inapplicability of the point becomes apparent when we consider what were the mutual obligations of the parties under the contract, and the one question of fact on which the case turns. Unquestionably, it was contemplated by both that the time allowed for the completion of the work under the contract would be adequate under ordinary conditions. The stipulation with respect to an extension of time was simply to provide against unexpected contingencies which sometimes occur in work of this character and interrupt its progress. Except as the defendant was hindered and delayed by some such condition or circumstance, he would have no right to demand an extension; nor, under this contract, would he have the

right to demand the plaintiff's intercession. Extraordinary conditions, had there been any, might have operated to relieve him of the duty of completing the work within the time limit; but mere dilatoriness on his part could not. His implied undertaking with the plaintiff was to exercise at least reasonable diligence in furthering the work of grading with a view to completion at the time appointed; while the plaintiff's obligation was to endeavor to secure an extension in case it was required, that is to say, required because of conditions not of the defendant's own making, and this suggests the one question in the case. The plaintiff's contention was that defendant made no effort to complete the work within the time limit; that the force he employed was wholly inadequate, and that his dilatoriness continued, notwithstanding repeated complaints made to him, until plaintiff was compelled to discharge him from the work. Was this true? If so, then there never was a time when any duty rested on the plaintiff to intercede for an extension, and the fact that he did not so intercede can avail the defendant nothing. If not true, then the discharge of the defendant was without excuse, and the plaintiff without a cause of action. The learned trial judge correctly held the law as expressed in the point was without application to the case. The question of the defendant's default was submitted to the jury under proper and full instructions as to the law, and a verdict for the plaintiff resulted. A submission could not have been avoided. The question was as we have indicated, and nothing but a finding by the jury could have settled it. The fourth assignment complains of the instruction to the jury to disregard the evidence as to the time taken by plaintiff in finishing the work after defendant's discharge. That plaintiff was more indulgent to himself than he had been to the defendant in the matter of time, was not a circumstance to be considered. It was defendant's diligence, or want of diligence, that was being inquired into. Any inquiry as to the plaintiff's diligence in completing the work left unfinished by the defendant, would have been wholly

irrelevant. Had it even appeared that with the utmost diligence on his part, he would not have completed the work in less time than he took, this would not give rise to an inference that when the defendant was discharged from the work, he was so diligently and honestly endeavoring to carry out his contract as to make his discharge unjustifiable. It follows from what we have said that there was no error in discharging the rule for judgment non obstante.

The assignments are overruled, and the judgment is affirmed.